STATE OF NEW YORK
SUPREME COURT     COUNTY OF CORTLAND

---

CORTLAND LINE HOLDINGS LLC and
JOHN WILSON

                *Plaintiffs*,

     v.

JASON LIEVERST,

                *Defendant*.

---

Index No.:

RJI No.:

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND RELATED RELIEF

BARCLAY DAMON LLP
*Attorneys for Plaintiffs*
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2772

CHRISTOPHER J. HARRIGAN
ROBERT J. THORPE
   *of Counsel*



EF18-155
02/15/2018   05:10:23 PM
Pages 20
MEMORANDUM OF LAW
Elizabeth Larkin, County Clerk

14718945.2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................1

STATEMENT OF FACTS ......................................................................................................1

STANDARD OF REVIEW .....................................................................................................2

ARGUMENT............................................................................................................................3

    POINT I:    PLAINTIFFS ARE ENTITLED TO THE REQUESTED INJUNCTIVE RELIEF...................................................................................3

        A.    Plaintiffs Have Demonstrated A Likelihood Of Success On The Merits .................................................................................................3

        B.    Plaintiffs Will Suffer Irreparable Harm If Injunctive Relief Is Not Granted........................................................................................12

        C.    The Balance Of Equities Favors Plaintiffs.......................................14

    POINT II:  EXPEDITED DISCOVERY IS WARRANTED TO PROTECT PLAINTIFFS' INTERESTS ....................................................................15

CONCLUSION......................................................................................................................16

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

# TABLE OF AUTHORITIES

**Cases**        **Page**

*Admarketplace Inc. v. Salzman*, 2014 N.Y. Slip. Op. 30813(U) (Sup. Ct. N.Y. Cnty. 2014) .................................................................................................................. 10

*Advanced Magnification Instruments, Ltd. v. Minuteman Optical Corp.*, 135 A.D.2d 889 (3d Dep't 1987) .................................................................................. 10

*BDO Seidman v. Hirshberg*, 93 N.Y.2d 382 (1999) .......................................................... 4, 5

*Burmax v. B&S Indus., Inc.*, 135 A.D.2d 599 (2d Dep't 1987) ............................................ 12

*CBS Corp. v. Dumsday*, 268 A.D.2d 350 (1st Dep't 2000) ................................................ 10

*COMGroup Holding LLC v. Greenbaum*, 2013 N.Y. Misc. LEXIS 6510 (Sup. Ct. N.Y. Cnty. 2013) ............................................................................................ 14

*Doubleclick Inc. v. Henderson*, 1997 N.Y. Misc. LEXIS 577 (Sup. Ct. N.Y. Cnty. 1997) ............................................................................................................... 9

*Eastern Bus. Sys., Inc. v. Specialty Bus. Solutions*, 292 A.D.2d 336 (2d Dep't 2002) ............. 9

*Ecolab, Inc. v. Paola*, 753 F. Supp. 1100 (E.D.N.Y. 1991) ................................................. 13

*First Mfg. Co., Inc. v. Young*, 45 Misc. 3d 1214(A) (N.Y. Sup. Ct. Suffolk Cnty. 2014) ........................................................................................................... 8, 11, 12

*Giffords Oil Co. v. Wild*, 106 A.D.2d 610 (2d Dep't 1984) ............................................... 3, 6

*Gundermann & Gundermann Ins. v. Brassill*, 46 A.D.3d 615 (2d Dep't 2007) ....................... 3

*Installed Bldg. Prods., LLC v. Cottrell*, 2014 U.S. Dist. LEXIS 101926 (W.D.N.Y. 2014) ............................................................................................... 12

*J.A. Preston Corp. v. Fabrication Enters., Inc.*, 68 N.Y.2d 397 (1986) ................................ 3

*Leo Silfen, Inc. v. Cream*, 29 N.Y.2d 387 (1972) .............................................................. 10

*Malcolm Pirnie, Inc. v. Werthman*, 280 A.D.2d 934 (4th Dep't 2001) ................................. 6

*McLaughlin, Pivin & Vogel, Inc. v. W.J. Nolan & Co.*, 114 A.D.2d 165 (2d Dep't 1986) .......................................................................................................... 12

*Metropolitan Package Store Ass'n v. Koch*, 80 A.D.2d 940 (3d Dep't 1981) ........................ 12

14718945.2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

*Pace Sec., Inc. v. Pollack*, 157 A.D.2d 557 (1st Dep't 1990)..................................................13

*Paz Sys. v. Dakota Grp. Corp.*, 514 F. Supp. 2d 402 (E.D.N.Y. 2007)..........................9, 10, 11

*Reed, Roberts Assoc., Inc. v. Strauman*, 40 N.Y.2d 303 (1976).....................................................5

*Riedman Corp. v. Gallager*, 48 A.D.3d 1188 (4th Dep't 2008) ......................................................5

*Scory LLC v. Maroney*, 15 Misc. 3d 1140(A) (N.Y. Sup. Ct. Nassau Cnty. 2007).......................8

*Steiner v. Lozyniak*, 1997 N.Y. Misc. LEXIS 738 (Sup. Ct. N.Y. Cnty. 1997)...........................15

*Sylmark Holdings Ltd. v. Silicone Zone Int'l Ltd.*, 5 Misc. 3d 285 (Sup. Ct. N.Y. Cnty. 2004) .................................................................................................................................. 15

*Time Square Books v. City of Rochester*, 223 A.D.2d 270 (4th Dep't 1996) ............................... 4

*Vanderminden v. Vanderminden*, 226 A.D.2d 1037 (3d Dep't 1996)...........................................14

*Willis of New York, Inc. v. DeFelice*, 299 A.D.2d 240 (1st Dep't 2002)........................................6

**Rules**

N.Y. C.P.L.R. § 6301 ......................................................................................................................3

N.Y. C.P.L.R. § 6313......................................................................................................................3

N.Y. C.P.L.R. art. 63.......................................................................................................................1

- iii -

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## PRELIMINARY STATEMENT

Plaintiffs Cortland Line Holdings LLC ("Cortland Line") and John Wilson ("Wilson") (collectively, "Plaintiffs") respectfully submit this motion pursuant to Article 63 of the New York Civil Practice Law and Rules ("CPLR") to enjoin Defendant Jason Lieverst from violating his contractual and common law obligations relating to his employment at Cortland Line. Specifically, Plaintiffs seek to enjoin Lieverst from further (1) utilizing Cortland Line's confidential and proprietary information; (2) engaging in business competitive with Cortland Line; (3) soliciting Cortland Line's customers and/or vendors; and (4) making disparaging or defamatory statements regarding Cortland Line and Wilson.

Within months after sponsoring and paying for Defendant's O-1 visa application in the United States, providing a place of employment, and exposing Defendant to Cortland Line's confidential information and trade secrets, Defendant abruptly abandoned his employment with Cortland Line, engaged in a campaign to defame both Cortland Line and Wilson within the niche fly-fishing industry, and began competing unfairly with Cortland Line, using its resources, confidential information, and trade secrets. Such actions have damaged Cortland Line, caused irreparable harm to Plaintiffs' reputations, goodwill, and business relationships, and, if allowed to continue, will cause further damage for which there is no adequate remedy at law.

Accordingly, and as set forth below in detail, Plaintiffs respectfully request that a Temporary Restraining Order and Preliminary Injunction be issued against Lieverst to prevent further unlawful actions, and allow Plaintiffs the opportunity to conduct expedited discovery.

## STATEMENT OF FACTS

The relevant facts supporting Plaintiffs' application are set forth in detail in Complaint, verified by Cortland Line President and CEO John Wilson on February 15, 2018 (the "Verified

14718945.2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

5 of 20

Complaint"),[1] and the Affidavit of Christopher J. Harrigan, sworn to on February 15, 2018 ("Harrigan Aff."), which are incorporated by reference herein.

## STANDARD OF REVIEW

A preliminary injunction is properly issued when necessary to preserve the *status quo* or to protect important interests pending further proceedings on the underlying complaint. N.Y. C.P.L.R. § 6301 ("A preliminary injunction may be granted in any action . . . where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff."). A court may grant a preliminary injunction if the movant establishes the following: (1) a likelihood of success on the merits; (2) irreparable injury will result if a preliminary injunction is not granted; and (3) a balancing of equities favors granting the relief requested. *J. A. Preston Corp. v. Fabrication Enters.*, 68 N.Y.2d 397, 406 (1986); *see also Gundermann & Gundermann Ins. v. Brassill*, 46 A.D.3d 615, 616 (2d Dep't 2007).

Likewise, "a temporary restraining order may be granted pending a hearing for a preliminary injunction where it appears that immediate and irreparable injury, loss or damage will result unless the defendant is restrained before the hearing can be had." N.Y. C.P.L.R. § 6301; *see also* N.Y. C.P.L.R. § 6313. Injunctive relief should be recognized where necessary to ensure that any subsequent determination by the court is not rendered ineffectual. N.Y. C.P.L.R. § 6301.

---

[1] Pursuant to N.Y. C.P.L.R. § 105(u), the Verified Complaint is offered as an affidavit in support of the instant motion.

-2-

14718945.2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

6 of 20

Beyond the traditional standards, it is clear that contractual provisions to which parties agree in advance to injunctive remedies are enforceable. *See Giffords Oil Co. v. Wild*, 106 A.D.2d 610, 611-12 (2d Dep't 1984) (former employer was preliminarily enjoined from using former employer's customer list, in part, because the employee expressly agreed that violation of non-solicitation restrictive covenant by using confidential customer lists would be a proper subject of injunctive relief). As set forth below, Plaintiffs are entitled to a Temporary Restraining Order and Preliminary Injunction.

## ARGUMENT

### POINT I

### PLAINTIFFS ARE ENTITLED TO THE REQUESTED INJUNCTIVE RELIEF

A.  Plaintiffs Have Demonstrated A Likelihood Of Success On The Merits

In the context of a motion for a preliminary injunction, it is not incumbent upon a court considering the likelihood of success on the merits to fully and finally determine the merits of an action. *See Time Square Books v. City of Rochester*, 223 A.D.2d 270, 278 (4th Dep't 1996). Instead, it is enough if the moving party makes a *prima facie* showing of its right to relief while the actual proving of its case should be left to the full hearing on the merits. *See id.* (citing *Tucker v. Toia*, 54 A.D.2d 322, 326 (4th Dep't 1976)) (citations omitted).

i.  <u>Breach of Contract</u>

Cortland Line has demonstrated a likelihood of success on the merits with respect to its breach of contract claim because it has made the requisite showing that the confidentiality and restrictive covenants to which Lieverst is bound are enforceable; and Lieverst has breached those covenants. Restrictive covenants in employment agreements will be enforced if they are

- 3 -

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

(1) necessary to protect an employer's legitimate business interest, (2) reasonable in time and area and not unreasonably burdensome to the employee, and (3) not harmful to the public. *See BDO Seidman v. Hirshberg*, 93 N.Y.2d 382, 389 (1999); *Reed, Roberts Assoc., Inc. v. Strauman*, 40 N.Y.2d 303, 307-308 (1976); *Riedman Corp. v. Gallager*, 48 A.D.3d 1188, 1189 (4th Dep't 2008).

Three legitimate business interests can justify enforcement of a restrictive covenant contained in an employment agreement: (1) protecting against disclosure of an employer's "trade secrets" or other "confidential information"; (2) preventing loss to a competitor of an employee whose services are "extraordinary or unique"; and (3) preventing former exploitation or appropriation of the goodwill of a client or customer, which was created and maintained at the employer's expense. *See, e.g., BDO Seidman*, 93 N.Y.2d at 389-92. Remarkably, here, Cortland Line has legitimate business interests under all three categories that warrant protection. First, Plaintiffs provided Defendant with non-public and proprietary information regarding Cortland Line's business methods, pricing structures, and operations, as well as detailed information regarding its customer demographics, customer profiles and leads, and other industry-specific information and knowledge regarding Cortland Line's business. *See* Verified Complaint, ¶¶ 24-31. Second, Defendant was allowed to remain in the United States and for Cortland Line as a result of an O-1 Nonimmigrant Visa, which is for individuals with "extraordinary ability or achievement," thereby qualifying him as "extraordinary or unique," by definition. *See O-1 Visa: Individuals with Extraordinary Ability or Achievement*, U.S. Citizenship and Immigration Services, https://www.uscis.gov/working-united-states/temporary-workers/o-1-visa-individuals-extraordinary-ability-or-achievement (last visited Feb. 9, 2018). Third, Defendant was given access to many of Cortland Line's customers and vendors, and had e-mail, telephonic, and in-

- 4 -

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

person contact with them on behalf of Cortland Line. *Id.* at ¶ 29-31. Cortland Line has a legitimate interest in preventing the disclosure or misappropriation of such confidential information as well as the customer and vendor goodwill built through the efforts and expense of Cortland Line, *see id.* at ¶¶ 7-11, and the instant restrictive covenants are necessary to protect such legitimate business interests.

The confidentiality and non-disclosure covenants, as well as the non-competition and non-solicitation covenants, which are limited in duration to two (2) years, are also reasonable in scope. New York courts have routinely upheld similar (and even more restrictive) post-employment restrictions. *See, e.g., Willis of New York, Inc. v. DeFelice,* 299 A.D.2d 240 (1st Dep't 2002) (finding two-year non-solicitation agreement for insurance broker to be reasonable); *Alside Div. of Associated Materials Inc. v. Leclair,* 295 A.D.2d 873, 874 (3d Dept 2002) (concluding that two-year non-compete was temporally reasonable, as was geographic restriction to those territories in which the sales representative worked); *Malcolm Pirnie, Inc. v. Werthman,* 280 A.D.2d 934, 934 (4th Dep't 2001) (enforcing client-based restrictive covenant containing no geographic limitation); *Giffords Oil Co. v. Wild,* 106 A.D.2d 610 (2d Dep't 1984) (preliminary injunction was properly granted to restrain defendants from soliciting plaintiff's customers during the pendency of the action where, among other things, defendants agreed not to directly or indirectly solicit plaintiffs customers for three years following their separation from employment).

Lastly, the restrictive covenants are not harmful to the general public or unreasonably burdensome to Defendant. There is no harm to the public if Defendant is unable to engage in business competitive with Cortland Line or otherwise solicit its customers or vendors, and the

- 5 -

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

restrictive covenants do not prohibit Defendant from earning a livelihood – as a salesperson or otherwise – in any industry outside of the specialized, highly niche fly-fishing industry.

Although the record in this matter is still being developed, the evidence compiled to date demonstrates that Defendant breached his restrictive covenants by engaging in business competitive with Cortland Line, both during and after his employment, and solicited Cortland Line's customers and/or vendors, apparently utilizing Cortland Line's confidential information in the process. Verified Complaint at ¶¶ 38-75, Exs. D-J. Significantly, Cortland Line has concrete evidence establishing that Defendant solicited at least one of its exclusive vendors roughly three months after submitting his resignation to Cortland Line. *Id.* at ¶¶ 40-52, Ex. D.

More specifically, on September 28, 2017, Cortland Line received an e-mail from one of its exclusive supply vendors, ▓▓▓▓▓ regarding recent correspondence between Defendant and ▓▓▓. Verified Complaint at ¶ 40.[3] In said e-mail, ▓▓▓ disclosed to Cortland Line that it had received an unsolicited e-mail from Lieverst, dated September 13, 2017, in which Defendant disclosed that: (i) his new business had sold in excess of 103 fly-fishing rods around the world; (ii) Defendant intended to sell more rods on a larger scale; and (iii) Defendant desired to purchase from ▓▓▓ the specialized ▓▓▓ that it supplied to Cortland

---

[2] To prevent further disclosure of Cortland Line's confidential information and trade secrets, all references to same have been redacted from Plaintiffs' publically-filed documents in this action. Plaintiffs will provide the Court with un-redacted copies of the papers under seal, as necessary.

[3] 

- 6 -

14718945.2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

10 of 20

Line, with the intent of re-selling such ▓▓▓ with Defendant's fly-fishing rods. *Id.* at ¶ 48. In his September 13, 2017 e-mail to ▓▓▓, Defendant also confirmed that his wife, Nicole Darland, is one of the owners of North Fork Composites LLC and EDGE Rods LLC in Woodland, Washington, where his rods are being manufactured. *Id.* at ¶ 49. Defendant's e-mail to ▓▓▓ also confirms that his fly-fishing rods were used by the French National team, which had recently won the world fly-fishing championships in Slovakia using rods obtained from Defendant. *Id.* at ¶ 51. Further, Defendant's e-mail to ▓▓▓ misrepresented his duties and responsibilities while working for Cortland Line, including, among other things, confirming to ▓▓▓ representatives that he was responsible for negotiating the exclusive ▓▓▓ arrangement between Cortland Line and ▓▓▓, which was not remotely accurate. *Id.* at ¶ 52.

Upon learning this information from ▓▓▓, Cortland Line discovered on Defendant's Facebook page that he had started a new business, Master Nymph LLC, which competes directly with Cortland Line for the sale of fly-fishing rods and component parts. Verified Complaint at ¶ 53, Ex. E. Shortly thereafter, in October 2017, Wilson contacted Defendant on several occasions and warned him that Cortland Line's exclusive arrangement with ▓▓▓ constituted a trade secret and was confidential information belonging to Cortland Line, and that any further disclosure of such information by Defendant was a violation of his continuing obligations under the Employment Contract. Verified Complaint at ¶ 54. During the same time period, Wilson also advised Defendant that his interest in and business activities on behalf of Master Nymph constituted a violation of his non-competition covenant with Cortland Line. *Id.* at ¶ 55. Despite Wilson's warnings and subsequent cease and desist letters from Plaintiffs' legal counsel, Defendant continued to compete against Cortland Line. *Id.* at ¶¶ 56, 67-68, Exs. H and I.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Such evidence confirms that Defendant has engaged in business competitive with Cortland Line, solicited Cortland Line's customers and vendors, and utilized Cortland Line's confidential information, all in breach of his contractual obligations, for the benefit of himself and his new business, to the detriment of Cortland Line. In view of the foregoing, Cortland Line has demonstrated a likelihood of success on the merits with respect to its claim that Defendant has breached his contractual obligations to Cortland Line.

ii. <u>Misappropriation of Trade Secrets</u>

Separate and apart from Defendant's breach of the restrictive covenants, Cortland Line has also demonstrated a likelihood of success on the merits with respect to its common law claim for misappropriation of trade secrets. A plaintiff succeeds on a misappropriation of trade secrets claim where it demonstrates that (1) it possessed a trade secret and, (2) the defendant used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means. *First Mfg. Co., Inc. v. Young*, 45 Misc. 3d 1214(A) (N.Y. Sup. Ct. Suffolk Cnty. 2014) (citations omitted).

Initially, Cortland Line's confidential and proprietary information, which Defendant used to solicit Cortland Line's exclusive vendor,           , is a protectable trade secret. *See* Verified Complaint ¶¶ 40-52, Ex. D. Such information not available or ascertainable through any public sources and gives Cortland Line a competitive advantage over competitors who do not know and are unable to ascertain such information. *Id.* As such, this information constitutes a trade secret. *See e.g. Scory LLC v. Maroney*, 15 Misc. 3d 1140(A) (N.Y. Sup. Ct. Nassau Cnty. 2007) ("A trade secret or confidential information includes a compilation of information which is

- 8 -

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

used in one's business and which gives the possessor of the information a competitive advantage over one's competitors who do not possess this information") (citing *Ashland Management Inc. v. Janien*, 82 N.Y.2d 395 (1993)); *First Mfg. Co., Inc.*, 45 Misc. 3d 1214(A) ("Customer lists and related information may thus constitute a trade secret provided that such list or information gives the owner an opportunity to obtain an advantage over competitors who do not know or use it"); *Eastern Bus. Sys., Inc. v. Specialty Bus. Solutions*, 292 A.D.2d 336, 337-38 (2d Dep't 2002) (client and potential client names, addresses, contact names compiled through considerable effort over several years and not available to the public are trade secrets warranting protection).

In the instant case, it is evident that Defendant has misused (and likely will continue to misuse) Cortland Line's trade secrets to compete with Cortland Line and solicit its customers and vendors, all in violation of his contractual obligations and common law duty to refrain from misusing those trade secrets to compete against Cortland Line and/or solicit its customers and vendors. *Doubleclick Inc. v. Henderson*, 1997 N.Y. Misc. LEXIS 577 *12 (Sup. Ct. N.Y. Cnty. 1997) ("Even in the absence of a contract restriction, a former employee is not entitled to solicit customers by fraudulent means, the use of trade secrets, or confidential information") (citing *Support Systems Associates, Inc. v. Tavolacci*, 135 A.D.2d 704 (2d Dep't 1987)). Accordingly, Cortland Line has demonstrated a likelihood of success on the merits with respect to its claims for misappropriation of trade secrets.

### iii. Unfair Competition

"The same acts that support a claim for misappropriation of trade secrets also support a claim for unfair competition." *Paz Sys.*, 514 F. Supp. 2d at 409 (citing *Advanced Magnification Instruments of Oneonta, N.Y., Ltd. v. Minuteman Optical Corp.*, 135 A.D.2d 889 (3d Dep't 1987)). Under New York law, the common-law unfair competition claim is "rooted in the

- 9 -

14718945.2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

13 of 20

improper use of trade secrets to gain an advantage over plaintiff." *CBS Corp. v. Dumsday*, 268 A.D.2d 350, 353 (1st Dep't 2000).

Accordingly, for the reasons set forth above, Cortland Line has demonstrated a likelihood of success on the merits with respect to their unfair competition claim. *See Marcone APW, LLC v. Servall Co.*, 85 A.D.3d 1693, 1695-96 (4th Dep't 2011); *Wegman v. Altieri*, 55 Misc. 3d 1216 (A), at *31 (N.Y. Sup. Ct. Monroe Cnty. 2015); *Repair Tech Inc. v. Zakarin*, 8 Misc. 3d 1022(a) (N.Y. Sup. Ct. Kings Cnty. 2005).

### iv. Breach of Fiduciary Duty

Under New York law, an employee has a common law duty of good faith and fair dealing as well as a duty of loyalty to the employer not to exploit its confidential information for the benefit of himself and others. *Paz Sys.*, 514 F. Supp. 2d at 408 (citations omitted); *see also Aon Risk Servs., N.E. v. Cusack*, 34 Misc. 3d 1205(A) (Sup. Ct. N.Y. Cnty. 2011) ("An employee owes a duty of loyalty to his or her employer at all times, and is prohibited 'from acting in any manner inconsistent with his agency or trust, and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties.'"). "Where it is shown that trade secrets or other proprietary or confidential material belonging to the employer were used or there was other wrongful conduct by the employee, . . . such conduct is actionable in tort." *First Mfg. Co., Inc.*, 45 Misc. 3d 1214(A) (citations omitted). "In such cases, it is the employee's misuse of the employer's resources to compete with the employer that is actionable as a breach of fiduciary duty." *Id.*

Here, as set forth above, Defendant's use of confidential and proprietary information belonging to Cortland Line to compete with Cortland Line and solicit its customer and vendors in his new business venture constitutes a breach of fiduciary duty.

-10-

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

v. Defamation

Where extraordinary circumstances exist, courts have ordered injunctive relief in defamation cases. *See Wong v. Shiu Lun Lee*, 2008 N.Y. Misc. LEXIS 7739, at *4-8 (Sup. Ct. N.Y. Cnty. 2008) ("Injunctive relief to restrain the defendant from further defamatory communications with respect to plaintiffs' actions in representing defendant is warranted here to the extent that defendant continues to accuse plaintiffs of violating their ethical responsibilities."); *see also Ackerman v. Zaccheo*, 2010 N.Y. Misc. LEXIS 2475, at *7-8 (Sup. Ct. Nassau Cnty. 2010) ("To the extent that both sides seek to enjoin the other from disparaging one another to persons other than counsel and persons directly involved in the prosecution or defense of the action, this relief is granted.").

Here, injunctive relief is warranted to prevent further irreparable harm to Plaintiffs resulting from Defendant's unconscionable defamatory statements, which are especially damaging when published to his intended audience. The fly-fishing industry is a male dominated business, and, unfortunately, suspected homosexual activity is not well-received or tolerated by customers, vendors, and other industry professionals. Verified Complaint at ¶ 65. In late 2017, Wilson began hearing from vendors, customers, and fly-fishing industry insiders that Lieverst was making defamatory statements against both Cortland Line and Wilson. *Id.* at ¶ 57. Specifically, Defendant made public statements that Wilson was homosexual, and that Wilson had made overtures to Defendant to engage in a homosexual relationship while Defendant was living with Wilson in Cortland,[4] and that Defendant was terminated from his

---

[4] Because Defendant had moved from Europe to the United States, Wilson offered to let Defendant stay at Wilson's temporary residence in Cortland. *Id.* at ¶ 23.

- 11 -

14718945.2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

15 of 20

FILED: CORTLAND COUNTY CLERK 02/15/2018 05:10 PM                INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 15                                              RECEIVED NYSCEF: 02/15/2018

employment from Cortland Line as a result of rejecting Wilson's romantic advances. *Id.* at ¶ 58. Moreover, on June 6, 2017, Defendant sent an e-mail to his ex-wife in which he stated that Wilson "had extreme homosexual tendencies" and "fired me when I refused to move back to New York." *Id.* at ¶ 61, Ex. F. Several months later, on November 7, 2017, Wilson received a telephone call from Defendant's brother-in-law, Jed Darland, regarding Defendant, following which Jed Darland confirmed via e-mail to Wilson that Defendant was telling people that Wilson was homosexual and that Wilson fired Defendant because he refused to engage in a homosexual relationship with Wilson. Verified Complaint at ¶¶ 62-64, Ex. G.

The above-referenced statements made by Defendant are all utterly false, as Wilson is not homosexual, he never made any romantic overtures to Defendant (or to any other man), and he did not fire Defendant. *Id.* at ¶ 37, Exs. B and C; ¶ 60. For these reasons, Plaintiffs have demonstrated a likelihood of success on the merits with respect to their defamation claim. However, in the event the Court is not inclined to grant Plaintiffs injunctive relief in this regard, Plaintiffs request that the Court expedite these legal proceedings, as any delay in deciding the merits of this case will exacerbate Plaintiffs' injuries. *See Jordan v. Metro. Life Ins. Co.*, 280 F. Supp. 2d 104, 112 (S.D.N.Y. 2003) (ordering an expedited arbitration because of the serious concern that defendant was defaming plaintiff to his clients and actively encouraging them to leave).

**B.    Plaintiffs Will Suffer Irreparable Harm If Injunctive Relief Is Not Granted.**

Irreparable harm exists where the movant demonstrates that the injury to be suffered is more immediate and apparent than any perceived harm caused to the defendant through the imposition of an injunction. *See Metropolitan Package Store Ass'n v. Koch*, 80 A.D.2d 940, 941 (3d Dep't 1981) (citing *Nassau Roofing & Sheet Metal Co. v. Facilities Dev. Corp.*, 70 A.D.2d

- 12 -

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

1021 (3d Dep't 1979)). This requirement is met where the occurrence of the threatened harm will render a final judgment ineffectual. *See Burmax v. B&S Indus., Inc.*, 135 A.D.2d 599, 601 (2d Dep't 1987). Irreparable harm exists if money damages are insufficient to make the movant whole. *McLaughlin, Pivin & Vogel, Inc. v. W.J. Nolan & Co.*, 114 A.D.2d 165 (2d Dep't 1986), appeal denied, 67 N.Y.2d 606 (1986). The loss of goodwill associated with a plaintiff's business, and the possibility of loss of customers through the defendant's solicitation constitute irreparable harm sufficient to warrant a preliminary injunction. *Willis of N.Y., Inc.*, 299 A.D.2d at 242; *Ecolab, Inc. v. Paola*, 753 F. Supp. 1100, 1110 (E.D.N.Y. 1991). In addition, an employer suffers irreparable injury when its former employee illegally diverts its customers. *See Pace Sec., Inc. v. Pollack*, 157 A.D.2d 557 (1st Dep't 1990); *Marcone APW, LLC*, 85 A.D.3d at 1696 (recognizing that, while the loss of sales over a finite period of time can be calculated and adequately remedied by an award of monetary damages, the lower court properly determined that, without the expanded preliminary injunction against former sales representative, plaintiff "would likely sustain a loss of business impossible, or very difficult, to quantify").

In this case, Plaintiffs will suffer irreparable harm if Defendant is not enjoined from continuing to compete with Cortland Line, utilizing Cortland Line's confidential information, soliciting Cortland Line's customers and vendors, and defaming Cortland Line and Wilson during the pendency of this action. During its almost 103 years in business, Cortland Line has established a worldwide reputation as an industry leader in fly-fishing lines, rods, and other fly-fishing equipment. Verified Complaint at ¶ 8. Cortland Line has invested significant time and money to establish relationships, business, and goodwill in the fly-fishing industry, and with each passing day, Cortland Line is at risk of losing all it has built over the last century. *Id.* at ¶ 10. Because there exists intense competition generally within the sport fishing industry and,

- 13 -

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

17 of 20

specifically within the niche fly-fishing industry; the loss of these relationships and goodwill will not only damage Plaintiffs' reputation, but will significantly impair Plaintiffs' financial performance and invalidate the goodwill that Plaintiffs have established. Verified Complaint at ¶¶ 8-11, 24-25, 28, 31, 40-47, 67-68, Exs. H and I.

C.    The Balance Of Equities Favors Plaintiffs

For purposes of determining the balancing of the equities, it is generally found that where the injury to be suffered by the movant is more substantial than any harm upon the non-movant in granting the injunction, the balance shifts decisively in favor of the movant. *See Vanderminden v. Vanderminden*, 226 A.D.2d 1037, 1042 (3d Dep't 1996). This is particularly the case where, as here, Cortland Line seeks to hold Defendant to nothing more than he already expressly agreed to in his contract. In other words, there is no inequity or unfairness in simply requiring Defendant to abide by his contractual obligation with Cortland Line. Indeed, Defendant acknowledged that, in the event of a breach of the restrictive covenants within his Employment Contract, an injunction would be an appropriate remedy. Verified Complaint at ¶ 20, Ex. A, ¶¶ 24-25. Cortland Line relied upon Defendant's contractual promises in employing him, sharing confidential information with him, and introducing him to Cortland Line's long-standing customers and vendors. In this regard, Defendant should not be allowed to ignore these promises to suit his own personal and business interests.

Significantly, granting the requested injunctive relief will not prevent Defendant from earning a living – as a salesperson or otherwise – in any industry other than this specialized, highly niche fly-fishing industry. And, he could continue to work in the fly-fishing industry in any manner that is not competitive with Cortland Line. Instead, Defendant would merely be prohibited from utilizing Cortland Line's confidential information and continuing to defame

- 14 -

14718945.2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

18 of 20

Cortland Line and Wilson, and, for a period of two years from his last date of employment with Cortland Line, from engaging in business competitive with Cortland Line and soliciting its customers and vendors. Thus, a balance of the equities favors granting the injunctive relief requested by Plaintiffs. *See Lenel Sys. Int'l, Inc. v. Smith*, 106 A.D.3d 1536, 1539-40 (4th Dep't 2013); *COMGroup Holding LLC v. Greenbaum*, 2013 N.Y. Misc. LEXIS 6510, at *12 (Sup. Ct. N.Y. Cnty. 2013).

POINT II

EXPEDITED DISCOVERY IS WARRANTED
TO PROTECT CORTLAND LINE'S
BUSINESS INTERESTS

Expedited discovery should be granted to "prevent ... further dissemination of trade secrets" when the misappropriating party is in "possession of ... information necessary to determine the extent of their unlawful conduct." *Sylmark Holdings Ltd. v. Silicone Zone Int'l Ltd.*, 5 Misc. 3d 285, 302 (Sup. Ct. N.Y. Cnty. 2004) (citing *DoubleClick, Inc. v. Henderson*, No.116914/97, 1997 N.Y. Misc. LEXIS 577 (Sup. Ct. N.Y. Cnty. 1997) (court ordered expedited discovery in misappropriation of trade secrets case)). Furthermore, "expedited disclosure is predicated upon a showing by the plaintiff of irreparable harm." *Steiner v. Lozyniak*, 1997 N.Y. Misc. LEXIS 738 (Sup. Ct. N.Y. Cnty. 1997) (citing *Poughkeepsie Sav. Bank v. Morash*, No. 89-civ-1778, 1998 U.S. Dist. LEXIS 1989 (S.D.N.Y. 1989)) (requirements for expedited discovery are: (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted).

- 15 -

14718945.2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

19 of 20

As stated herein, Defendant is in possession of Cortland Line's confidential information and trade secrets, and has exclusive knowledge regarding the extent of his misconduct in disseminating such confidential information and trade secrets within the fly-fishing industry, causing damage to Cortland Line. Therefore, expedited discovery is warranted as a matter of law. *Id.*

## CONCLUSION

For the reasons set forth herein, it is respectfully submitted that Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction, Expedited Discovery and Related Relief should be granted in its entirety, together with such other and further relief as this Court deems just and proper.

**DATED:** February 15, 2018

BARCLAY DAMON LLP

By: _____
Christopher J. Harrigan
Robert J. Thorpe

*Attorneys for Plaintiffs*
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2772

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.