UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**CORTLAND LINE HOLDINGS LLC and
JOHN WILSON**,

                *Plaintiffs,*

      *v.*

**JASON LIEVERST**,

                *Defendant*.

Civil Action No.

5:18-cv-00307 (TJM)(DP)

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFFS' MOTION FOR AN EXTENSION OF THE TEMPORARY
# RESTRAINING ORDER

**BARCLAY DAMON LLP**
*Attorneys for Plaintiffs*
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2772

**CHRISTOPHER J. HARRIGAN**
    **ROBERT J. THORPE**
        *of Counsel*

**PRELIMINARY STATEMENT**

Plaintiffs Cortland Line Holdings LLC ("Cortland Line") and John Wilson ("Wilson") (collectively, "Plaintiffs") respectfully submit this Memorandum of Law in Support of their motion to extend the Temporary Restraining Order ("TRO") issued by the New York State Supreme Court against Defendant Jason Lieverst.

On February 27, 2018, the New York State Supreme Court issued the TRO with the intention that it remain in effect until Plaintiffs' motion for a preliminary injunction was determined. As a result of Defendant's removal of this action to Federal District Court on March 9, 2018, unless the TRO is extended beyond the March 23, 2018 expiration date mandated by Rule 65(b)(2) of the Federal Rules of Civil Procedure, the TRO will expire 17 days before the underlying motion for preliminary injunction is scheduled to be heard on April 9, 2018. Plaintiffs' requested Defendant's consent to such extension, which was denied. As a result, and as set forth below, Plaintiffs are forced to make the instant application by Order to Show Cause in an effort to maintain the status quo and protect against further irreparable harm by Defendant against Plaintiffs. Indeed, good cause exists to extend the TRO – in addition to maintaining the status quo pending the determination of the pending motion for preliminary injunction, Plaintiffs have demonstrated in the papers filed in support of their application for preliminary injunction that they are likely to succeed on the merits of their claims, the balance of equities favor extending the TRO, and a lapse between the expiration of the TRO and determination of the underlying motion will cause irreparable harm to Plaintiffs.

For these reasons and those set forth herein, as well as the reasons set forth in Plaintiffs' Memorandum of Law in Support of it motion for preliminary injunction ("Plaintiffs' MOL in Support of Preliminary Injunction"), the TRO should be extended.

**BACKGROUND**

On February 15, 2018, Plaintiffs filed a Summons and Complaint in New York State Supreme Court, Cortland County, in the matter of *Cortland Line Holdings LLC and John Wilson v. Jason Lieverst*, Index No. EF18-155 by Order to Show Cause seeking a preliminary injunction and temporary restraining order. *See* Dkt. Nos. 1 and 2.

On February 27, 2018, Justice Jeffrey A. Tait issued a temporary restraining order ("TRO"), which enjoined and retrained Defendant from:

> (1) Utilizing or disseminating Cortland Line's confidential and proprietary business documents and information, including, but not limited to, e-mails, books, records, data, reports, correspondence, customer or vendor information, client or prospect lists, referral lists, or other confidential business and proprietary documents or information of any kind, in written or electronic form, belonging to Cortland Line;
>
> (2) Directly or indirectly engaging in any business with customers and vendors with whom Defendant did business while employed by Cortland Line;
>
> (3) Directly or indirectly using knowledge gained while employed by Cortland Line to solicit, divert or accept business from any customers or vendors of Cortland Line;
>
> (4) Destroying, deleting, altering or removing any computer files or documents or other property that belongs to Cortland Line or any customers or vendors of Cortland Line; and
>
> (5) Destroying, deleting, alerting or removing any computer files, records, communications or information which relate to Defendant's communications with or to any of Cortland Line's customers or vendors, or to the claims set forth in the Verified Complaint in this action.

*See* Dkt. No. 1-4.

On March 9, 2018, Defendant filed a Notice of Removal of this action to the U.S. District Court for the Northern District of New York. *See* Dkt. No. 1. On March 15, 2018, Magistrate Judge David E. Peebles granted Defendant an extension of time to file his answer until April 4, 2018. *See* Dkt. No. 6.

On March 15, 2018, Plaintiffs renewed their motion for a preliminary injunction in the U.S. District Court for the Northern District of New York. *See* Dkt. No. 7. On March 16, 2018,

the Court issued a Text Notice setting the return date for Plaintiffs' motion for a preliminary injunction as 10:00 a.m. on April 9, 2018 in Albany, New York before Senior District Judge Thomas J. McAvoy.  *See* Text Notice dated March 16, 2018.

Also on March 16, 2018, Plaintiffs requested Defendant's consent to extend the TRO until the determination of the underlying motion for preliminary injunction.  *See* Declaration of Christopher J. Harrigan, Esq. dated March 19, 2018 ("Harrigan Decl."), ¶ 13, Exhibit A.  Such request was denied.  *Id*.  As a result, unless extended, the TRO will expire on March 23, 2018.

## LEGAL STANDARD

A temporary restraining order issued prior to the removal of an action from state court to federal court expires 14 days from the date of removal.  *See Commun. Workers of Am. v. Kaleida Health*, 2011 U.S. Dist. LEXIS 51344, *1 (W.D.N.Y. May 12, 2011) (citing *Carrbus v. Schneider*, 111 F. Supp. 2d 204, 210-11 (E.D.N.Y. 2000)); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438-40 (1974).  However, the Court can extend a temporary restraining order upon a showing of "good cause."  Fed. R. Civ. P. 65(b)(2).

## ARGUMENT

### POINT I

### GOOD CAUSE EXISTS FOR AN EXTENSION OF THE TRO BECAUSE THE COURT IS UNAVAILABLE TO HEAR PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION UNTIL APRIL 9, 2018.

Good causes exists "for extending that period because of the court's unavailability to conduct the oral return on the motion" for a preliminary injunction.  *R.L.E. Corp. v. Ferraro Foods, Inc.*, 2015 U.S. Dist. LEXIS 40042, at *3 (N.D.N.Y. Mar. 30, 2015).  In this matter, the Court is unavailable to hear Plaintiffs' motion for a preliminary injunction until April 9, 2018 –

17 days after the TRO will currently expire. Therefore, good cause exists for extending the TRO until April 9, 2018. *See R.L.E. Corp.*, 2015 U.S. Dist. LEXIS 40042, at *3.

## POINT II

### GOOD CAUSE EXISTS FOR AN EXTENSION OF THE TRO TO PRESERVE THE STATUS QUO

The purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm until the court can consider a request for a preliminary injunction. *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120. 1124 (2d Cir. 1989).

As a result, in this action, New York State Supreme Court Justice Tait issued the TRO to preserve the status quo. Justice Tait intended the TRO to remain effective until the court decided Plaintiffs' motion for a preliminary injunction which, prior to removal, was scheduled to be heard by the New York State Supreme Court on March 28, 2018. *See* Dkt. No. 1-4 ("**ORDERED**, that pending the determination of Plaintiffs' motion, Defendant and all other persons acting in concert therewith, are enjoined and restrained from.").

After removal of this action, this Court set a return date of April 9, 2018 for Plaintiffs' motion for a preliminary injunction. *See* Text Notice dated March 16, 2018. Therefore, although the TRO was intended to remain in effect until the motion for a preliminary injunction was decided, it will currently expire before this Court on March 23, 2018. Therefore, an extension of the current TRO is needed to preserve the status quo as was intended. Otherwise, a period of 17 days will occur between the lapse of the TRO and the date upon which Plaintiffs' motion for a preliminary injunction will be decided.

## POINT III

### GOOD CAUSE EXISTS FOR AN EXTENSION OF THE TRO BECAUSE THE TRO IS NECESSARY TO AVOID IRREPARABLE HARM, PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS, AND THE BALANCE OF EQUITIES WAYS IN PLAINTIFFS' FAVOR

The Federal Rules of Civil Procedure do not define "good cause." However, to determine whether "good cause" exists, some courts consider the same factors that are relevant in determining whether to grant a TRO in the first place. *See Flying Cross Check, L.L.C. v. Cent. Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1260-61 (D. Kan. 2001). In this regard, it is well established in the Second Circuit that the standard for the entry of a temporary restraining order is the same as for a preliminary injunction. *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). The movant must demonstrate (1) irreparable harm in the absence of extending the temporary restraining order, (2) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair grounds for litigation, and (3) a balance of hardships tipping decidedly in the movant's favor. *Id.*

Plaintiffs respectfully refer the Court to their papers submitted to the New York State Supreme Court in support of their motion for a temporary restraining order and preliminary injunction, which have been filed with the Northern District of New York (*see* Dkt. No. 7) and are incorporated by reference herein. These papers demonstrate that an extension of the TRO is required to avoid irreparable harm to Plaintiffs, that Plaintiffs are likely to succeed on the merits of their claims, and that a balance of the equities favors Plaintiffs.

## CONCLUSION

For all of these reasons, and for the reasons set forth in Plaintiffs' MOL in Support of their Motion For Preliminary Injunction, it is respectfully requested that the Court issue an Order extending the TRO until determination of the motion to be heard on April 9, 2018, and for other and further relief as the Court deems just and proper.

**DATED:**  March 20, 2018  **BARCLAY DAMON LLP**

By:  /s/ Christopher J. Harrigan
Christopher J. Harrigan
Bar Roll No. 510755

*Attorneys for Plaintiffs*
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2772