# NEWMAN & LICKSTEIN
### ATTORNEYS AND COUNSELORS AT LAW

109 S. WARREN STREET | SUITE 404 | SYRACUSE, NEW YORK | VOICE: 315.422.1172 | FAX: 315.422.1400

November 14, 2019

Hon. Thomas J. McAvoy
Senior U.S. District Judge
U.S. District Court
Northern District of New York
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, New York 13901

      **Re:** *Cortland Line Holdings, LLC et al v. Jason Lieverst*
           **Case No.:** 5:18-cv-307

Dear Judge McAvoy:

      We write to provide a critically important update to the case that further calls Plaintiffs' *bona fides* into question in pursuing and obtaining the preliminary injunction against our client, Defendant Jason Lieverst ("Mr. Lieverst"). On Tuesday, November 12, 2019, we took the deposition of ▮▮▮▮▮▮▮▮▮▮▮▮, a representative of "▮▮▮▮▮▮▮▮▮▮▮▮" ("▮▮▮▮▮▮") with whom the Plaintiffs' claimed that Mr. Lieverst wrongfully interfered. (Verified Complaint, Dkt. 2, ¶¶41-49). Plaintiffs' apparent willingness to 'win at any cost,' has sadly come at a cost, as it forced Mr. Lieverst into bankruptcy and maligned his otherwise renowned reputation in the close-knit fly-fishing industry.

      In his sworn testimony, ▮▮▮▮▮▮▮▮, on behalf of ▮▮▮▮▮▮, **categorically rejected as false** each of the key allegations that Cortland Line made regarding its commercial dealings with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The excerpts of the deposition transcript are attached hereto as <u>Exhibit A</u>. Mr. Lieverst will request that these excerpts be filed under seal in accordance with the Protective Order.

      Plaintiffs' repeatedly claimed to have an "exclusive" "agreement" for a ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was confidential and ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This claim was frequently repeated and appeared in the Plaintiffs' affidavits and briefs filed in support of the Temporary Restraining Order and Preliminary Injunction.[1] Plaintiffs' false claims have even persisted into

---

[1] *E.g.* Dkt. 165, Fn. 11 recounting that Plaintiffs heavily relied upon these sworn allegations until it was recently exposed in discovery to be false. See Harrigan Aff. in Support of TRO, Dkt. 1-2, ¶6; Memorandum of Law in Support of TRO, p. 6-7; Verified Complaint, Dkt. 2, ¶¶ 42-53, 55; Reply Memorandum of Law in Support of

their Response. (Dkt. 156-16, p. 16-17).  To show just how clearly Plaintiffs' claims have been rejected as false by ▇▇▇, we provide the following side-by-side chart:

| Plaintiffs' Claim | Fact |
|---|---|
| "On September 28, 2017 Cortland Line received an e-mail from one of its **exclusive** supply vendors, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" (Compl. ¶ 41). | "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" (▇▇▇ Dep. Tr. p. 7, ln. 2-9, ln. 15-18; p. 9, ln. 2-16; p. 16, ln. 7-9). |
| "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" (Compl. ¶ 45).  "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." (Compl. ¶ 46).  Plaintiff, John Wilson, testified in his deposition that the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. (*See* Dep. Tr. Wilson, p. 27, ln. 8-18).  When asked whether Plaintiffs' ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*See* Dep. Tr. Wilson, p. 25, ln. 3-25). | ▇▇▇ **categorically rejected these allegations as false**, and noted that it had ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. (*See* ▇▇▇ Dep. Tr. p. 17, ln. 20-24; p. 28 ln. 14-20; p. 29 ln. 7-13).  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. (*See* ▇▇▇ Dep. Tr. p. 15, ln. 4-13; p. 48, ln. 13-23). |
| "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" (Compl. ¶ 47). | In response to Plaintiffs' counsel's questioning ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" (*See* ▇▇▇ Dep. Tr. p. 33, ln. 16-24). |
| "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." (Compl. ¶ 48). | ▇▇▇ denies that there has ever been an "**exclusive vendor relationship**" with Cortland Line, and that, through proper means, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, making such information non-proprietary. *See supra*. |

Preliminary Injunction, Dkt. 33, pp., 3, 7; Reply Affidavit of John Wilson, Dkt. 34, ¶¶ 29-34.  See also Lickstein Decl., Exhibit 8,  Plaintiff's Second Amended and Supplemental Responses to Defendant's First Set of Interrogatories, ¶¶ 1, 2, 5, and 7)

NEWMAN & LICKSTEIN

109 South Warren Street, Suite 404, Syracuse, New York 13202 / PHONE: 315.422.1172 / FAX: 315.422.1400
www.newmanlickstein.com

These frequently repeated misrepresentations contributed to the entry of the preliminary injunction that has, in no uncertain terms, up-ended Mr. Lieverst's life, encumbered both his livelihood and his immigration status, and caused concern and anxiety to Mr. Lieverst and his family. In light of these profound revelations set forth above, and the continuous injuries suffered therefrom, we ask the Court supplement Mr. Lieverst's Reply Memorandum (Dkt.165) with the contents of this letter in the interests of justice.

Please do not hesitate to contact our office should the Court require anything further in this regard.

Respectfully,

*/s/ Steven D. Lickstein*

Steven D. Lickstein, Esq.
(Bar Roll No.: 519951)

cc: Christopher J. Harrigan, Esq.
Robert J. Thorpe, Esq.

NEWMAN & LICKSTEIN

109 South Warren Street, Suite 404, Syracuse, New York 13202 / PHONE: 315.422.1172 / FAX: 315.422.1400
www.newmanlickstein.com

## **CERTIFICATE OF SERVICE**

    I, Matthew G. Jubelt, declare under penalty of perjury that, on this date, I, on behalf of, Jason Lieverst, caused a copy of the foregoing Letter Motion and Request to File Under Seal those Exhibits attached hereto and this Certificate, to be electronically filed with the United States District Court for the Northern District of New York and to be simultaneously served upon all registered participants as identified on the Notice of Electronic Filing.

Dated:  November 14, 2019                        /s/ *Matthew G. Jubelt*
                                                               Steven D. Lickstein, Esq.

NEWMAN & LICKSTEIN

109 South Warren Street, Suite 404, Syracuse, New York 13202 / PHONE: 315.422.1172 / FAX: 315.422.1400

www.newmanlickstein.com