**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CORTLAND LINE HOLDINGS LLC and
JOHN WILSON,

                          Plaintiffs,

      v.                                   5:18-cv-307
                                            (TJM/DEP)

JASON LIEVERST,

                          Defendant.


_____

**Thomas J. McAvoy, Sr. U.S.D.J.**


## DECISION & ORDER

Before the Court is Plaintiffs' motion for voluntary dismissal of the instant action.
<u>See</u> dkt. # 187.  Plaintiffs contend that Defendant's bankruptcy and the expiration of a
non-compete clause in the parties' employment agreement vitiates any need to continue
the action.  Defendant agrees that the case should be dismissed, but argues that
dismissal should be with prejudice.  He also asserts other bases for relief.  <u>See</u> dkt. #s
144, 194.  The Court has determined to resolve the issues without oral argument.

## I.     BACKGROUND

Plaintiff Cortland Line Holdings, LLC ("Cortland Line") manufacturers fly-fishing
equipment.  For a period of time, Plaintiffs employed Defendant Jason Lieverst, a
professional angler known worldwide for his innovative fly-fishing techniques, to help
market its products.  Defendant's employment contract contained a restrictive covenant

1

preventing Lieverst from engaging in certain activities for two years following the end of his employment. Plaintiffs filed a Complaint in State court and sought injunctive relief against the Defendant when Defendant allegedly began soliciting Plaintiffs' customers for a fly-rod business he had started. Plaintiffs contend that these actions violated the restrictive covenants in Defendant's contract. Plaintiffs' Complaint alleged contract and tort claims against Defendant. Defendant denies that he was ever an employee and argues that the restrictive covenants are not enforceable against him. Defendant also denies liability for Plaintiffs' other claims.

Upon filing the Complaint, Plaintiffs sought injunctive relief from the State court. That court issued an order prohibiting Defendant from:

> 1. Utilizing or disseminating Cortland Line's confidential and proprietary business documents and information, including, but not limited to, any e-mails, books, records, data, reports, correspondence, customer or vendor information, client or prospect lists, referral lists, or other confidential business and proprietary documents or information of any kind, in written or electronic form, belonging to Cortland Line;
>
> 2. Directly or indirectly engaging in any business with customers and vendors with whom Defendant did business while employed by Cortland Line;
>
> 3. Directly or indirectly using knowledge gained while employed by Cortland Line to solicit, divert or accept business from any customers or vendors of Cortland Line;
>
> 4. Destroying, deleting, altering or removing any computer files or documents or other property that belongs to Cortland Line or any customers or vendors of Cortland Line; and
>
> 5. Destroying, deleting, altering or removing any computer files, records, communications or information which relate to Defendant's communications with or to any of Cortland Line's customers or vendors, or to the claims set forth in the Verified Complaint filed in this action.

Plaintiffs moved to extend these restraints after Defendant removed the case to this Court.

See dkt. # 9. The Court granted the motion, extending the restraints until the Court had time to consider Plaintiffs' motion for a preliminary injunction. See dkt. # 18. The Court, after considering the parties' arguments, granted that preliminary injunction motion. See dkt. # 53. The Court required the Plaintiffs to post a $200,000 bond as security. Id. Defendant filed a motion to dismiss portions of Plaintiffs' Complaint. See dkt. # 48. The Court denied that motion from the bench after oral argument. See dkt. entry 5/14/18. The Court later granted the Defendant's motion to alter the terms of the injunction to clarify the work he was permitted to engage in related to fly fishing. See dkt. # 73.

The Court's preliminary injunction has remained in place as the parties engaged in discovery. The Magistrate Judges assigned to the case have addressed and resolved a number of discovery disputes. Defendant's financial situation has changed as the case ground on. Documents in the record indicate that he filed a petition for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Western District of Washington on October 12, 2018. See dkt. # 198-2. That filing delayed discovery and somewhat altered the terms of the action, but the Washington court discharged the bankruptcy on January 16, 2019. See dkt. # 198-3.

The parties resumed discovery, requiring intervention from the Magistrate Judges assigned to the case to resolve disputes raised by either side on more than one occasion. The Magistrate Judge presently assigned to the case has also attempted to address the role of the Bankruptcy Trustee in this matter. See dkt. # 129.

Eventually, Defendant filed a motion to set aside the preliminary injunction. See dkt. # 144. He argued that the Court granted the injunction in error, largely because of misrepresentations by the Plaintiffs about the nature of Defendant's agreements with

3

Cortland Line.  He also argued that the injunction should be dissolved because the restrictive covenants upon which the Court founded the injunction had expired.  Plaintiffs opposed dissolving the injunction.

The Court has not yet ruled on that motion, in part because the Court understood from oral reports that the parties appeared to have reached an agreement to settle the matter.  Eventually convinced that the matter could not be settled, Plaintiffs filed the instant motion seeking voluntary dismissal.  The Defendant does not oppose dismissing the case, but seeks to have the dismissal entered with prejudice.  He suggests that he is entitled to recovery the security supplied by Plaintiffs in this matter, as well as fees and costs.  Defendant has also filed an additional request for relief from the preliminary injunction.  <u>See</u> dkt. # 194.  Plaintiffs do not necessary oppose such action, but the parties disagree about the terms for such dissolution.  <u>See</u> dkt. # 195.  For reasons that will become apparent, the Court will address only Plaintiffs' motion to dismiss the action.

## II.    LEGAL STANDARD

"Rule 41(a)(2) provides that except where all parties agree to a stipulation of dismissal, 'an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  <u>Catanzano v. Wing</u>, 277 F.3d 99, 109 (2d Cir. 2001) (quoting FED. R. CIV. P. 41(a)).  A district court has discretion to deny a motion to dismiss under that Rule, but "a voluntary dismissal under Rule 41(a)(2)" is "generally . . . allowed 'if the defendant will not be prejudiced thereby.'"  <u>Id.</u> (quoting <u>Wakefield v. N. Telecom, Inc.</u>, 769 F.2d 109, 114 (2d Cir. 1985)).  Courts apply several factors in determining whether to dismiss with or without prejudice, including:

[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on

4

plaintiff's part; [3] the extent which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss.

Id. (quoting Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990)). Courts have also concluded that "dismissal" without prejudice "would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006)(quoting Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217 (1947)). "'[W]here no possibility of relitigation at the instance solely of the plaintiff exists,' the only question a court *must* answer is" the question of plain legal prejudice stated in Camilli. Kwan v. Schlein, 634 F.3d 224, 231 (2d Cir. 2011) (quoting Camilli, 436 F.3d at 123) (emphasis in original).

## III. ANALYSIS

Plaintiffs seek to voluntarily dismiss their action. They argue that there is no reason for them to continue the matter. The non-compete agreement that is the source of the equitable relief in this case has expired, even if the Court would have concluded that equitable tolling applied. Moreover, no monetary relief is available to the Plaintiffs due to Defendant's bankruptcy filing. No counterclaims exist, and there is no point, Plaintiffs claim, to continuing the action. There is also little risk, Plaintiffs claim, that the case will be relitigated. Nothing could be gained by reinstating an action against a person in Defendant's position. In addition, Plaintiffs insist, Defendant can pursue any claims he has against the security Plaintiffs posted or for attorneys fees even if the Court grants the motion to dismiss. Defendant argues that the case should be dismissed with prejudice, and that he should be awarded the security. He argues that Plaintiffs were dilatory in

pursuing the litigation, that they pursued the litigation in an improper fashion, that the case has proceeded too far towards resolution, there is a danger that Plaintiffs will reinstitute the action, and Plaintiffs do not offer an adequate explanation for seeking to dismiss the action.

The Court will first address whether Defendant would suffer plain legal damage from a dismissal with without prejudice, and then whether the Zagano factors listed above favor dismissal with or without prejudice.

### A.    Plain Legal Prejudice

"Plain legal prejudice" has a specific meaning in the context of Plaintiffs' motion to dismiss. Such prejudice "concern[s] . . . the plight of a defendant who is ready to pursue a claim against the plaintiff in the same action that the plaintiff is seeking to have dismissed." Camilli, 436 F.3d at 124. Such prejudice applies when "a dismissal without prejudice conditions future litigation on a [plaintiff's] actions." Kwan, 634 F.3d at 224. Courts find such prejudice when a party could "'reassert [his] claims only in defense of any related suit that'" the party who dismissed the case "'could bring against [him].'" Id. (quoting Camilli, 436 F.3d at 123).

Defendant has not filed any counterclaims in this case, and he does not contend that he has engaged in discovery in this matter that would need to be repeated if the Court were to require him to file a separate cause of action. Instead, he argues that "[i]n the present matter" he "previously filed a Motion to Vacate which, if granted, would dismiss Plaintiffs' remaining claims in equity as Plaintiffs' other claims at law were previously discharged by operation of law through bankruptcy." If the Court dismisses without prejudice, Defendant claims, Plaintiff would "avoid losing the Motion to Vacate, and also

6

avoid Plaintiffs' discovery obligations without any fairness to the Defendant who has already shown the predicate requirements to a wrongful injunction claim in his Motion to Vacate."

Defendant in essence contends that the Court should dismiss the case with prejudice because absent such a dismissal Defendant would not be able to argue that he is entitled to recover the security Plaintiffs posted or his fees and costs.

Federal law requires that a party that obtains an injunction must provide "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c). The purpose of this requirement is "to 'assure . . . the [restrained] party that it may collect damages from the funds posted in the event that it was wrongfully [restrained] and that it may do so without further litigation and without regard to the possible insolvency of the plaintiff.'" U.S. D.I.D. Corp. v. Windstream Communs., Inc., 775 F.3d 128,135 (2d Cir. 2014) (quoting Nokia Corp. v. InterDigital, Inc., 645 F.3d 553, 557 (2d Cir. 2011)). "[T]he issue of whether a defendant may recover against a Rule 65(c) security is collateral to the merits of the plaintiff's underlying claims" and the court retains jurisdiction to resolve that issue after a voluntary dismissal. Id. The court has discretion in determining whether to permit a restrained party to recover the security, and that "'discretion should be exercised in a manner consistent' with the presumption that 'wrongfully enjoined parties are entitled to . . . recovery against the bond for possible damages.'" Id. The plaintiff "bears the burden of establishing that the defendant was not wrongfully restrained and is, therefore, not entitled to recover from the [Rule 65(c)] security." Id. at 140. A "showing that the defendant did not have the legal right to engage in the conduct restrained" can satisfy this

7

burden, while failing to make such a showing "likely establishes that the defendant was wrongfully restrained, and the defendant consequently enjoys 'a presumption in favor of recovery against the [security] for provable damages.'" Id. (quoting Nokia Corp., 645 F.3d at 557).

There is no motion before the Court for the Defendant to recover the security posted by the Plaintiffs. While Defendant has requested such recovery in his briefing on this matter, the parties have not fully briefed the issue, and the Court declines to rule without such briefing. As explained above, whether the Court grants the motion to dismiss with or without prejudice is immaterial to whether the Defendant can bring such a motion, and the standard for deciding the motion is related to the underlying grounds for the injunction, not the status of the dismissal. Plaintiffs agree that the Court would retain jurisdiction over such a motion even if the Court grants the motion to dismiss without prejudice, and the Court will operate on that principle. Defendant or the Bankruptcy Trustee shall be permitted to file a motion to recover the security posted in this case, and the Court will order that any motion to recover the security shall be filed within thirty days of the date of this order.

The Court notes that, during a proceeding before the Magistrate Judge on January 24, 2020, Defense counsel expressed an intent to file motions for discovery sanctions against the Plaintiffs pursuant to Federal Rules of Civil Procedure 16 and 37. During that hearing, counsel stated, "I would now move orally for sanctions against the party under Rule 37 and 16 and I intend to supplement my oral motion with briefs as necessary." Transcript of Proceedings Before the Hon. Miroslav Lovric, conducted January 24, 2020, dkt. # 193, at 13-14. Magistrate Judge Lovric did not rule on the motions, the parties

offered no argument on such motion, and Defendant has not filed any written motions.  He argues, however, that the arguments contained in his briefing on this motion suffice to raise the motion before this court.  The Court rejects that premise.  First, the Defendant made that motion to the Magistrate Judge, who would normally rule on such matters. Defendant did not state the basis for his motion or specify the relief he sought in his oral request, and has not filed any written motion.  The Court finds that no motion is presently before this Court seeking discovery or other sanctions in a form that the Court could consider.  As the Defendant's briefing makes clear that he seeks sanctions and costs on multiple bases, however, the Court will permit Defendant to file motions seeking costs, fees, sanctions or any other relief under an applicable Federal rule within thirty days of the date of this Order.  Defendant should follow the procedures outlined in Local Rule 7.1 in filing such a motion.  The Court would refer any motion for sanctions related to discovery to the Magistrate Judge, as he has supervised that portion of the case.  Should Plaintiffs seek any similar sanctions or relief they should file their motions on the same schedule.

An issue has also arisen as to whether Defendant or the Bankruptcy Trustee is the proper party to seek such relief.   The Court will reserve judgment on that issue until an appropriate time.  The Bankruptcy Trustee should be heard on the matter, if he desires. The Trustee should file any motion or paper he feels appropriate within the time frame specified by the Court.

**B.    Zagano Factors**

Defendant also argues that the Zagano factors counsel against granting the Plaintiffs' motion without prejudice.  The Court will address them in turn.

9

### i.    Plaintiffs' Diligence in Bringing the Motion

The first factor for the Court to consider is the Plaintiffs' "diligence in bringing the motion." Zagano, 900 F.2d at 14. In evaluating this factor, "courts have focused on whether or not the moving party encouraged the non-moving party to continue discovery without any intention of pursuing its claims." Shaw Family Archives, Ltd. v. CMG Worldwide, Inc., No. 05cv3939, 2008 U.S. Dist. LEXIS 67474, at *17 (S.D.N.Y. Sept. 2, 2008). Courts also consider "the length of time an action has been pending," though this factor is not "dispositive." Id. at *17-18. Instead, "[c]ourts are concerned with whether the efforts of the party were 'geared towards efficient resolution.'" Id. at *18 (quoting United Sates Underwriters Ins. Co. v. United Pacific Assocs., No. 05cv1012, 2006 U.S. Dist. LEXIS 49617, at *7-8 (E.D.N.Y. July 19, 2006)).   "'[I]n order for the plaintiff[s'] delay to militate against a grant of dismissal, the [defendant] must show that [he] expended resources or otherwise detrimentally relied on a reasonable expectation that the plaintiff[s] would pursue [their] remaining claims.'" A.V. by Versace, Inc. v. Gianni Versace S.P.A., 261 F.R.D. 29, 32 (S.D.N.Y 2009) (quoting Banco Central De Para. v. Para. Humanitarian Fund, Inc., No. 01 Civ. 9649, 2006 U.S. Dist. LEXIS 87093, at *11 (S.D.N.Y. Nov. 29, 2006)).

Defendant contends that Plaintiffs were not diligent in bringing their motion. He argues that the motion came almost nine months after the expiration of the restrictive covenants that Plaintiffs cited in seeking the preliminary injunction. The motion also came more than three months after Defendant sought to dissolve the injunction, citing what Defendant claims were "material misstatements and misrepresentations" Plaintiffs made in order to obtain the injunction. Defendant contends that Plaintiffs should have sought to

10

dismiss the case when it became clear that their claims were "meritless." He argues that the parties' inability to reach a stipulation regarding dismissal is immaterial to whether Plaintiffs should have sought to dismiss the case, and any claim by Plaintiffs that the disagreement over stipulations delayed their motion is an "attempt to gloss over their wrongful conduct in this litigation." Moreover, Defendant contends, the motion to dismiss came after Defendant notified Plaintiffs he intended to file a motion for Rule 11 sanctions and orally moved for discovery sanctions before Magistrate Judge Lovric.

Plaintiffs respond that they filed their motion to dismiss at a time when all attempts to resolve the litigation broke down and it became clear that no other relief was available to them because of Defendant's bankruptcy filing and the expiration of the restrictive covenants[1] that provided the basis for the Court's preliminary injunction. They did not file their motion to dismiss after Defendant filed his motion to vacate because they believed the restrictive covenants were equitably tolled and still in place. They brought their motion when it became clear that the matter could not be resolved. From Plaintiffs' perspective, the motion came at "the first available instance."

The Court agrees with the Plaintiffs that this factor favors dismissal without prejudice. This case is not one where all the causes for delay lay at the Plaintiffs' feet, or one where Plaintiffs continued litigating against the Defendant long after they became aware that their claims had no merit or they lacked the possibility of obtaining relief. First, Plaintiffs' legal position is not one taken simply to harass the Defendant and prolong the litigation. While the parties disagree about whether equitable tolling applies to the

---

[1]A drafting error in Plaintiffs' brief lists the end of the covenant in 2019.

restrictive covenants at issue, Plaintiffs' position is reasonable and defensible under the law, and they were not required to accept the Defendant's legal arguments. Nothing indicates that Plaintiffs adopted a position without a reasonable basis. They have, for instance, accepted that Defendant's personal bankruptcy vitiates their claims for damages and have not sought to continue that portion of the case. Second, the history of discovery disputes in this matter indicate that both sides played a role in extending the litigation, and that Plaintiffs did not act in discovery with the sole purpose of increasing discovery costs or harassing the Defendant. Third, Plaintiffs' actions are aimed at attempting to resolve the matter efficiently. The Plaintiffs have prevailed on the substantive motions filed in this case, and would be entitled to continue the matter but for the Defendant's bankruptcy filing. If Plaintiff continued the action, Defendant would be required to litigate a number of tort and contract claims, regardless of whether the preliminary injunction disappeared. Plaintiffs' efforts to end this matter now is a recognition of the changed status of the case and an attempt to avoid unnecessary time and effort from the Court.[2]

Defendant asserts that Plaintiffs' actions in bringing the motion to dismiss are similar to those of the Plaintiffs in Jiggets v. New York City Human Resources Admin, No. 94 Civ. 9175, 1997 U.S. Dist. LEXIS 6293 (S.D.N.Y. May 16, 1997). There, the trial court found that plaintiffs were not diligent in bringing their motion to dismiss. Id. at *7. The Court noted that the case had been pending for more than two years, and the Court had permitted plaintiffs "sufficient time to file an amended complaint," but the plaintiff failed to

---

[2]Indeed, as explained, Defendant could have sought the relief he seeks–costs, fees, sanctions, and recovery of the bond–without opposing this motion. In that sense, fault for unnecessary expense of the Court's time and effort in resolving the instant motion does not necessarily lie with the Plaintiffs.

do so.  Id.  Plaintiffs' motion to dismiss was not a good faith effort to conclude the

litigation, but "a 'last ditch' attempt to avoid the consequences of their inaction."  Id.

Defendant is mistaken in analogizing this case.  Plaintiffs here have not failed to take

timely action, nor is the instant motion an attempt to avoid the consequences of anything.

Instead, it is an effort to recognize the consequences of the changing legal positions of the

parties.  Since the Plaintiffs still face the loss of their security and the prospect of

compensating Defendant for costs and fees, dismissing the case does not even allow

them to escape any potential consequences for bringing the case.

The case is unlike Baiul v. NBC Sports, 708 Fed. Appx. 710 (2d Cir. 2017), also

cited by the Defendant.  There, the Court of Appeals found that the trial court did not

abuse its discretion in declining to dismiss without prejudice when the plaintiff filed her

motion two years after filing the action, and after she amended the Complaint several

times.  Id. at 714.   The plaintiff also maintained a breach of contract claim based on a

document that she admitted did not exist in another court.  Id.  Plaintiff further refused to

stipulate to dismissal of her claim even after the defendant offered, in writing, that it would

not seek to dismiss the other pending action on *res judicata* grounds.  Id.  All of this

conduct, the court concluded, counseled against dismissing the case without prejudice.

Id.[3]  Here, Plaintiffs maintained an action until the events surrounding the case made

continuing untenable, and then sought to dismiss the matter.  They did not file cases in

_____

[3]The court also found plain legal prejudice to the defendant if plaintiff "were allowed
to voluntarily dismiss the action without prejudice," since plaintiff was "pursuing an action
in California based on what her counsel admits are 'the same set of operative facts' as
those here.  Granting the motion would give" plaintiff "the opportunity to bring the claims
again in  New York and would multiply the already duplicative expenses incurred by" the
defendant. Baiul, 708 Fed. Appx. at 714.

another court that contained representations contrary to those asserted here, and have not attempted to manipulate this litigation to gain advantage in another action.

The Court will therefore find that the first <u>Zagano</u> motion favors granting the Plaintiffs' motion and dismissing without prejudice.

### ii. Undue Vexatiousness

The next factor for the Court to consider is whether Plaintiffs acted with undue vexatiousness. <u>Zagano</u>, 900 F.2d at 14. "In determining whether a party was unduly vexatious in pursuing a claim, courts consider whether the party had [any] 'ill-motive.'" <u>Shaw Family Archives</u>, 2008 U.S. Dist. LEXIS 67474 at *20 (quoting <u>Jewelers Vigilance Comm., Inc. v. Vitale, Inc.</u>, 1997 U.S. Dist. LEXIS 14386, at *7 (S.D.N.Y. 1997)). Such undue vexatiousness might also appear when a plaintiff acts in "bad faith." <u>Shim-Larkin v. City of New York</u>, No. 16-cv-6099, 2019 U.S. Dist. LEXIS 164359, at *5 (S.D.N.Y. Sept. 14, 2019). That sort of conduct may be also be seen "when a party files duplicative actions relating to the same injury, or when a party assures the court and defendants that they would pursue the claim, then seeks dismissal." <u>Spirit Realty, L.P. v. GH&H Mableton</u>, 227 F.Supp.3d 291, 301 (S.D.N.Y 2017) (internal citations omitted). Courts also consider whether the action made "baseless or frivolous" claims and whether "plaintiff engaged in any patently dilatory or inappropriate motion practice." <u>Omega Inst., Inc. v. Universal Sales Sys.</u>, No. 08cv6473, 2010 U.S. Dist LEXIS 10296, at * 11 (W.D.N.Y. Feb. 5, 2010). Conduct that aims to "promote judicial efficiency and avoid duplicative litigation" is not vexatious. <u>Ing Bank, N.V. v. Mat African Swan</u>, No. 16cv1242, 2017 U.S. Dist. LEXIS 34915 at *10 (S.D.N.Y. 2017).

Defendant argues that Plaintiffs' conduct in this matter was unduly vexatious. He contends that he has shown that the preliminary injunction against him was not supported by law or fact, and that Plaintiffs continued to pursue that remedy even after they knew it was not legally justified. Plaintiffs, he contends, sought to create familial strife for him, and to cause him poverty and bankruptcy. Defendant also claims that Plaintiffs abused the discovery process and caused unnecessary delay. Plaintiffs only moved to dismiss their claims, he insists, when served with notice of Rule 11 sanctions. Plaintiffs dispute Defendant's contentions as "speculative" and unsupported by the record. They brought their suit for a proper purpose–enforcing restrictive covenants and recovering for breach of contract–and Defendant's own conduct in the lawsuit has not been, Plaintiffs claim, blameless. Defendant has filed motions for sanctions that have been denied, and he and his wife's company have resisted discovery requests.

The Court finds that Plaintiffs' conduct in this matter has not been unduly vexatious. Defendant's position to the contrary is in part founded on allegations that Plaintiffs sought an injunction based on false representations to the Court. The Court will consider those arguments in addressing any motion that Defendant or the Trustee files to recover security, but the Court notes that the Court has already considered very similar arguments made by the Defendant about his employment status, and rejected them. Making a persuasive argument to a court is successful litigation, not vexatious conduct. Moreover, nothing in Plaintiffs' conduct in this cases convinces the Court that the matter was brought in bad faith, or that Plaintiffs brought the action in an effort to harass the Defendant. The persuasiveness of the Plaintiffs' arguments to this Court indicate the opposite. While there have been discovery disputes in this matter, the Magistrate Judges assigned to this

case have rejected any claims that Plaintiffs' conduct should be sanctioned, and

Defendant made no appeal to the Court of those rulings. While the Court recognizes that

this case has created financial difficulties for the Defendant, an unpleasant outcome is

sometimes the result of litigation, and the Court cannot find that such an outcome is in

itself evidence of undue vexatiousness, especially because the Court has found support

for Plaintiffs' positions in the law.

### iii.     Extent to Which the Suit has Progressed

The third <u>Zagano</u> factor addresses "the extent to which the suit has progressed,

including the defendant's effort and expense in preparation for trial." <u>Zagano</u>, 900 F.2d at

14. "Courts in the Second Circuit have placed particular importance on this factor, noting

that the primary purpose of a <u>Zagano</u> analysis is to 'determine whether a case has

proceeded so far that dismissing it . . . for the plaintiff to start a separate action would

prejudice the defendant.'" <u>Comunidad Autonoma Del Pais Vasco v. Am. Bureau of

Shipping, Inc.</u>, No. 04 Civ. 671, 2006 U.S. Dist. LEXIS 55822, at *9 (S.D.N.Y. Aug. 4,

2006) (quoting <u>D'Alto v. Dahon California, Inc.</u>, 100 F.3d 281, 283 (2d Cir. 1996)). Courts

that decided to permit dismissal only with prejudice did "so in large part because the

motion to dismiss was brought, if not on the eve of trial, at a point after substantial

discovery had been completed and trial was near certain." <u>Id.</u> This factor favors the

defendant when "discovery is complete and barring a settlement [the] case is basically

ready to proceed to trial." <u>Deere & Co. v. MTD Holdings, Inc.</u>, No. 00 Civ. 5936, 2004

U.S. Dist. LEXIS 11707 at *6 (S.D.N.Y. June 23, 2004).

Defendant contends that this factor weighs against a dismissal without prejudice.

He argues that he has expended a great deal of money on discovery and preparation for

16

trial, and that discovery is "nearly" complete.  The parties have conducted depositions

and, he claims, dispositive motions have been filed.  The case has been ongoing for more

than two years and the discovery deadline has passed.  Defendant also argues that only

he has engaged seriously in discovery, conducting six depositions and noticing "at least"

two more.  He is also still awaiting production of additional documents.  He contends that

Plaintiffs have not engaged in a similar effort, since they "achiev[ed] their aims early in

litigation by way of the preliminary injunction[.]"  Plaintiffs do not address Defendant's

arguments in detail, but instead point out that courts have found that the relief they seek is

available "'on the eve of trial and even after trial has commenced.'" Plaintiff's Reply Brief

(quoting <u>Eastman Machine Co. v. Diamond Needle Corp.</u>, 2000 U.S. Dist. LEXIS 18766,

at *7 (W.D.N.Y. Dec. 18, 2000)).

　　　The Court finds that this factor too favors dismissal without prejudice.  While the

case has been pending for more than two years and discovery has included extensive

depositions, no motions for summary judgment have been filed and the case is not on the

eve of trial.  Defendant's motion to dissolve the injunction is "dispositive" only because his

bankruptcy prevents Plaintiffs from pursuing the tort and contract claims alleged in the

Complaint.  Moreover, the fact that the Plaintiffs seek dismissal because they

acknowledge that further pursuit of claims would be fruitless points to a lack of prejudice

to the Defendant from dismissing the case now.  The Courts finds it unlikely that dismissal

without prejudice will force Defendant to engage in another lawsuit based on the same set

of facts.

### iv.　　Duplicative Expense of Relitigation

The fourth <u>Zagano</u> factor addresses "the duplicative expense of relitigation." <u>Zagano</u>, 900 F.2d at 14. In addressing this factor, courts have considered whether a defendant can "use some of the material discovered and the legal work already done" in any subsequent case, and whether the expenses incurred in the second litigation would be "duplicative" of those in the first. <u>Hinfin Realty Corp. v. Pittston Co.</u> 206 F.R.D. 350, 356 (E.D.N.Y. 2002). Courts also examine the "risk of re-litigation of the remaining claims." <u>Banco cent. de Para.</u>, 2006 U.S. Dist LEXIS , at *17. "'The mere prospect of a second litigation' is insufficient to rise to the level of legal prejudice.'" <u>A.V. by Versace, Inc.</u> 261 F.R.D. at 33 (quoting <u>Shaw Family</u>, 2008 U.S. Dist. LEXI 67474, at *26).

Defendant argues that any claims about relitigation are "complicated by Plaintiffs['] repeated, yet unsupported, claims alleging" defendant's "continued breach of the restrictive covenants[.]" Plaintiffs have threatened to have those covenants equitably tolled and their duration extended. Defendant contends that the threat of Rule 11 liability he has raised may compel Plaintiffs to continue to assert such tolling. Defendant also expresses "skepticism" about whether Plaintiffs actually hope to end the litigation. He insists that Plaintiffs have already filed "untruthful claims in support of an injunction, and pursue[d] those claims for the express purpose of driving" Defendant "into bankruptcy." Plaintiffs respond that Defendant's personal bankruptcy makes any claims for money damages against him impossible. Moreover, they claim, the restrictive covenants at question expired at the end of February 2020, and an injunction is no longer possible.

The Court finds that relitigation is unlikely in this matter, largely because of the Plaintiff's bankruptcy and because of the expiration of the restrictive covenants that gave rise to equitable relief. This factor therefore also weighs in favor of dismissal without

18

prejudice.

###### v.    Plaintiffs' Explanation

The fifth <u>Zagano</u> factor the Court considers is "the adequacy of plaintiffs' explanation for the need to dismiss." <u>Zagano</u>, 900 F.2d at 14.  The question here is whether Plaintiffs offer a "reasonable explanation for why [they] [wish] to have [their] remaining claims dismissed without prejudice." <u>Banco Central de Para.,</u> 2006 U.S. Dist. LEXIS 87093, at *20.  Courts have concluded that "it is entirely reasonable for" a plaintiff "to discontinue litigating claims for monetary damages . . . where" a defendant "would be unable to pay any judgment [plaintiff] successfully obtains." <u>A.V. by Versace, Inc.</u>, 261 F.R.D. at 33.  On the other hand, "a party should not be permitted to avoid the prospect of an adverse decision on a dispositive motion by dismissing the claim without prejudice." <u>Galasso v. Eisman, Zucker, Klein & Ruttenberg</u>, 310 F.Supp.2d 569, 572 (S.D.N.Y. 2004).

While Defendant admits Plaintiffs' stated rationale–that, given Defendant's bankruptcy filing, no relief is available to them in a continued lawsuit–could be reasonable, he argues that Plaintiffs could have used the same rationale earlier, but continued with the litigation.  This demonstrates that they continued the litigation for a vexatious purpose, even as they obstructed court-ordered discovery.  Plaintiffs repeat their discussion of the reasons for the timing of the motion stated in reference to the first factor in connection with this factor.

The Court finds that Plaintiffs offer a reasonable explanation for seeking to dismiss the case now.  While Defendant disagrees with Plaintiffs' calculation of when the restrictive covenants ended, Plaintiffs' calculation is not unreasonable.  Combined with the limitations that Defendant's bankruptcy places on Plaintiffs' ability to recover damages,

19

deciding not to press forward in a matter where no relief is possible is an entirely rational decision. Moreover, to the extent that the parties attempted to resolve the matter without additional litigation, waiting to file the motion to dismiss until such talks fell through was reasonable.

### vi.    Conclusion as to <u>Zagano</u> Factors

For the reasons stated above, the Court concludes that the <u>Zagano</u> factors favor granting Plaintiffs' motion to dismiss without prejudice. The Court will therefore grant the Plaintiffs' motion.

## IV.    CONCLUSION

For the reasons stated above, the Court will GRANT the Plaintiffs' motion to dismiss, dkt. # 187, without prejudice. "A voluntary dismissal without prejudice 'vitiate[s] and annul[s] all prior proceedings and orders in the case, and terminat[es] jurisdiction over it for the reason that the case has become moot." <u>U.S. D.I.D. Corp.</u>, 775 F.3d at 134 (quoting <u>Oneida Indian Nation of N.Y. State v. Oneida Cnty.</u>, 622 F.2d 624, 629 (2d Cir. 1980)). For that reason, the preliminary injunction in this case is dissolved. The Defendant's motions to dissolve the preliminary injunction, dkt. #s 144, 194, are therefore DENIED as moot. For the reasons stated above, the Court will retain jurisdiction over this matter to provide the Defendant or the Bankruptcy Trustee time to file any appropriate motion regarding the security Plaintiffs provided in exchange for injunctive relief in this case. Any such motion shall be filed within 30 days of the date of this Order. Any party shall file any motion for costs and fees or for sanctions pursuant to Federal Rules of Civil Procedure 11, 16, or 37 within thirty days of the date of this Order. All such filings shall

comply with Local Rule 7.1.  The Court shall retain the security provided by the Plaintiffs for 30 days unless Defendant or the Trustee file a motion within 30 days.  If the Defendant or the Trustee file such a motion, the Court shall retain the security until that motion is resolved.  If no motions are filed within thirty days of the Date of this Order, the Clerk of Court shall close this matter without further order of Court.

Dated:  March 23, 2020

Thomas J. McAvoy
Senior, U.S. District Judge